IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| GIDEON FALK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Cause No.: 2:13-cv-159 |
| v. | ) |
| | ) |
| BOARD OF TRUSTEES OF | ) |
| PURDUE UNIVERSITY, D/B/A | ) |
| PURDUE UNIVERSITY and | ) |
| PURDUE CALUMET | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL

Plaintiff, Gideon Falk (hereinafter "Falk"), by counsel, Edward W. Hearn and John T. VanDenburgh, of JOHNSON & BELL, P.C., and pursuant to Federal Rule of Civil Procedure 41(a)(2), respectfully submits this Motion for Voluntary Dismissal of Plaintiff's action. In support, Plaintiff states as follows:

1. Plaintiff commenced this action against Defendant, the Board of Trustees of Purdue University, on or about May 8, 2013. Plaintiff asserted the following 4 counts in his Complaint: 1) Breach of Contract; 2) Intentional Infliction of Emotional Distress; 3) Declaratory Relief; and 4) civil rights violations of 42 U.S.C § 1983.

2. On July 9, 2013, Defendant filed its Answer, asserting no affirmative defenses. On August 27, 2013, Defendant filed a Motion for Leave to File Amended Answer to Assert Affirmative Defenses and attached its Amended Answer as Exhibit A. On September 3, 2013, this Court granted Defendant's Motion.

1

3. Thereafter, the parties engaged in written discovery and one deposition, which occurred recently, on February 14, 2014.

4. On February 28, Plaintiff filed his Motion for Partial Summary Judgment and an accompanying memorandum of law on his Breach of Contract Claim.

5. On April 28, 2014, Defendant filed its Response to Plaintiff's Motion for Partial Summary Judgment and Motion to Strike, as well as its own Motion for Summary Judgment.

6. In Defendant's Motion for Summary Judgment, Defendant asserted its Eleventh Amendment Immunity as a State Agency to be sued under 42 U.S.C. § 1983 in federal court.

7. Plaintiff was previously under the impression that Defendant was waiving its Eleventh Amendment sovereign immunity. Although Defendant asserted this as an affirmative defense in its Amended Answer, it did not file a motion to dismiss and rather decided to defend against all of Plaintiff's claims on the merits in this Federal Court. Accordingly, Plaintiff believed that Defendant waived its Eleventh Amendment sovereign immunity.

8. The Supreme Court has held that a state waives its Eleventh Amendment Immunity "by a general appearance in litigation in a federal court." *Petty v. Tennessee-Missouri Bridge Comm'n*, 359 U.S. 275, 276 (1959). Courts have generally held that a waiver of Eleventh Amendment immunity occurs when the state appears as a defendant and defends the case on the merits. *Fordyce v. City of Seattle*, 55 F.3d 436, 441 (9th Cir. 1995).

9. A waiver of Eleventh Amendment immunity has been found when a state's conduct during the litigation clearly manifests acceptance of the federal court's jurisdiction. *Hankins v. Finnel*, 964 F.2d 853, 856-58 (8th Cir. 1992). "If a state does not wish to be in federal court, the state can quickly make its objections known **and obtain a ruling on that**

**defense**." *Hill V. Blind Indus. & Servs.* 1999 U.S. App. LEXIS 35237, *14 (9th Cir. 1999) (emphasis supplied).

10.     The Supreme Court has further held that Eleventh Amendment is a "legal power to assert a sovereign immunity defense should [the state] choose to do so," and that defense is waived unless it is timely invoked. *Wis. Dep't of Corr. V. Schacht*, 524 U.S. 381, 387–88 (1998). By not filing a motion to dismiss or otherwise attempting to obtain a ruling on its objection to federal court jurisdiction, Plaintiff was under the impression that Defendant consented to this Court's jurisdiction over all of his claims.

11.     As Defendant is now asserting the Eleventh Amendment Immunity defense, this Court will not have jurisdiction to hear his 42 U.S.C. § 1983 claim. *See Schacht*, 524 U.S. at 387–88 (explaining that federal courts do not have jurisdiction over claims under 42 U.S.C. § 1983 against state agencies); *see also Garrity v. Sununu*, 752 F.2d 727, 738 (1st Cir. 1984) (defendants' conduct during litigation "indicates consent to this suit and an acceptance of the federal court's jurisdiction.").

12.     Defendant's underlying conduct that is the subject of Plaintiff's 42 U.S.C. § 1983 claim, is the same conduct that is the basis of his remaining state court claims.

13.     So while Plaintiff believes that Defendant has waived its Eleventh Amendment immunity, for the purposes of expeditiously resolving Plaintiff's claims, he requests that the Court dismiss the action pending before this court, so that he can re-file this lawsuit in Indiana state court. One of Plaintiff's primary reasons for bringing his claims is for declaratory and injunctive relief regarding his current employment conditions at Purdue. Thus, Plaintiff would rather bring his claims in state court in their entirety, as the statute of limitations has not yet run,

rather than further delay the resolution of his current employment conditions by going through the lengty and costly process of arguing this Eleventh Amendment aspect before this Court.

14. F.R.C.P. 41(a)(2) provides that after a defendant has filed a motion for summary judgment, a plaintiff may voluntarily dismiss his case upon court order. In fact, dismissals under F.R.C.P. 41(a)(2) are within the trial court's sound discretion and will only not be granted when the defendant is unduly prejudiced. *Tyco Laboratories, Inc. v. Koppers Company, Inc.*, 627 F.2d 54 (7th Cir. 1980).

15. Defendant will not be prejudiced by the court granting Plaintiff's voluntary dismissal. The only actions between the parties thus far in this case have been discovery, including only one deposition, and the recent filing of their respective summary judgment motions. As Defendant intends to re-file this action in Indiana state court, all of the discovery conducted in this case up to this point will be used in the subsequent state court case. Additionally, Defendant's counsel has indicated to Plaintiff's counsel that he would still file a motion for summary judgment in any subsequent state court action. Thus, the research and preparation of the parties' summary judgment motions will also be able to be utilized in the subsequent state court action.

16. Moreover, a substantial amount of Court resources have not been committed to this matter. This Court has not conducted any hearings and there has only been two status conferences conducted by the Court. Furthermore, there have been absolutely no decisions on the merits of this case. Dismissal often is granted when a Rule 41(a)(2) motion is made at the early stages, before much has happened. *Tyco Laboratories, Inc.,* 627 F.2d at 58. Additionally, this Motion has been brought in good faith as Plaintiff was under the impression that Defendant was waiting its Eleventh Amendment Immunity on all claims.

17. In fact, the only prejudice that will occur is to the Plaintiff if this Court does not grant this Motion for Voluntary Dismissal. Federal Courts have held that to permit a defendant to litigate the case on the merits, and then belatedly claim Eleventh Amendment immunity to avoid an adverse result, would "work a virtual fraud on the federal court and opposing litigants." *Newfield House, Inc. v. Massachusetts Dep't of Pub. Welfare*, 651 F.2d 32, n.3 (1st Cir. 1981).

18. Moreover, it is well-settled that a defendant can gain unfair advantages by waiting until after a Plaintiff's summary judgment is filed to raise its Eleventh Amendment Immunity. *See Hill V. Blind Indus. & Servs.* 1999 U.S. App. LEXIS 35237, *5 (9th Cir. 1999) (explaining that the integrity of the judicial process is undermined if a party, unhappy with the trial court's rulings or anticipating defeat, can belatedly raise its Eleventh Amendment privilege and unilaterally void the entire proceeding). This is exactly what occurred in this case. Plaintiff went through discovery and filed his Motion for Summary Judgment. Approximately a year after the case began, anticipating defeat from Plaintiff's Motion for Summary Judgment; Defendant has attempted to obtain a ruling on its Eleventh Amendment Immunity. If Defendant wanted to object to this claim being heard before this court, it should have attempted dismiss this claim as soon it knew that it would be raising the defense, rather than defending all of the claims on the merits for approximately a year.

19. Federal courts have stated the following in this regard:

> "[w]e see no valid reason why a party should belatedly be able to assert Eleventh Amendment immunity. A party knows whether it purports to be an 'arm of the state,' and is capable of disclosing early in the proceedings whether it objects to having the matter heard in federal court. Timely disclosure provides fair warning to the plaintiff, who can amend the complaint, **dismiss the action and refile it in state court**, or request a prompt ruling on the Eleventh Amendment defense before the parties and the court have invested substantial resources in the case. Timely disclosure also facilitates discovery, when appropriate, and allows the parties to establish a full record for appellate review. Requiring the prompt

5

assertion of an Eleventh Amendment defense also minimizes the opportunity for improper manipulation of the judicial process. (emphasis supplied)

*Id.* at *8.

20. As a result of Defendant's late assertion of its Eleventh Amendment Immunity, this Court should allow Plaintiff to voluntarily dismiss this case so he can come to a prompt resolution of his current employment conditions in state court. Plaintiff is not requesting a ruling from this Court that Defendant has waived its Eleventh Amendment Immunity. Rather, Plaintiff is merely requesting that this Court permit Plaintiff to voluntary dismiss this case in recognition of the potential adverse and unjust effects that Plaintiff will suffer otherwise.

WHEREFORE, Plaintiff, Gideon Falk, respectfully requests that this Honorable Court voluntarily dismiss this action pursuant to F.R.C.P. 41(a)(2), and for all other just and proper relief in the premises. If this Court denies this Motion for Voluntary Dismissal, Plaintiff further requests additional time to respond to Defendant's Motion to Strike, Motion for Summary Judgment, and to file his Reply in support of his Motion for Summary Judgment.

        Respectfully Submitted,

        JOHNSON & BELL, P.C.

By:   s/*Edward W. Hearn*
      Edward W. Hearn, #18691-64
      John T. VanDenburgh, 31545-64
      11051 Broadway, Ste. B
      Crown Point, IN 46307
      219/791-1900
      *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on May 19, 2014, I have electronically filed the foregoing with the Clerk of the Court using CM/ECF system which sent notification of such filing to the all parties or record.

                s/*Edward W. Hearn*